# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**FILED**

May 5, 2017
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No.  16-0567** (BOR Appeal Nos. 2050966 & 2051052)
                        (Claim No. 2015030953)

**THOMAS R. WHITFIELD,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by Aimee M. Stern, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Thomas R. Whitfield, by M. Jane Glauser, its attorney, filed a timely response.

The issues on appeal are whether contusion of the knee is the proper compensable diagnosis and whether the claim was properly closed for temporary total disability benefits. On June 9, 2015, the claims administrator held the claim compensable for a contusion of the knee only. The Office of Judges modified the decision in its November 23, 2015, Order and ordered the claim be held compensable for a tibial plateau fracture and torn medial meniscus and ordered the payment of temporary total disability benefits. On August 5, 2015, the claims administrator closed the claim for temporary total disability benefits. In its January 15, 2016, Order, the Office of Judges reversed the decision and ordered temporary total disability benefits be paid from May 15, 2015, through December 30, 2015, and thereafter as established by the medical evidence. Both Orders were affirmed by the Board of Review on May 20, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Whitfield, a utility man, injured his right knee on April 25, 2015, when his right knee was jerked and banged while he was operating a bulldozer. Mr. Whitfield reported the injury on

1

May 13, 2015, and was treated at Corporate Health by Ross Tennant, FNP. Mr. Whitfield provided a history of driving a bulldozer on April 25, 2015, and repeatedly striking his right knee off the metal frame of the bulldozer. He continued to work for the next two weeks even though he had a significant amount of swelling and discomfort in the knee. Upon examination, Mr. Tennant noted a small amount of diffuse edema in the right knee. Mr. Whitfield had full extension of the knee and his flexion was only reduced by about five degrees. He had a stable gait. A right knee x-ray showed large knee joint effusion and mild degenerative change. Mr. Tennant diagnosed a right knee contusion. The claim was held compensable for a contusion of the right knee only on a no lost time basis.

A right knee MRI was performed on May 19, 2015. It revealed a medial tibia plateau fracture with corresponding contusion to the medial femoral condyle and bone marrow edema, medial meniscal tear, large joint effusion, sprain or partial tear of lateral collateral ligament near its femoral insertion, and degenerative versus sprain of both anterior and posterior cruciate ligaments. Mr. Tennant concluded the MRI findings seemed severe compared to the mechanism of injury described by Mr. Whitfield. When presented with this information, Mr. Whitfield provided a history of having fallen to the ground while working on a barge a few weeks before he changed positions and started driving the bulldozer. The symptoms in his right knee became progressively worse while riding inside the bulldozer.

Allan Tissenbaum, M.D., treated Mr. Whitfield on May 27, 2015. Mr. Whitfield complained of constant pain and a popping sound when bending his knee. Dr. Tissenbaum noted effusion and tenderness, as well as decreased flexion upon examination. He aspirated the right knee. Dr. Tissenbaum diagnosed fractured tibial plateau and medial meniscus tear and ordered physical therapy. Mr. Whitfield followed-up with Dr. Tissenbaum on July 8, 2015. Mr. Whitfield stated he had a lot of pain during physical therapy and that he did not think it was helping. The diagnoses of tibial plateau and medial meniscus tear remained the same. In his opinion, most of the problem was related to the medial meniscus tear, as well as underlying degenerative joint disease.

The claims administrator closed the claim for temporary total disability benefits on August 5, 2015, as no medical evidence showing Mr. Whitfield had been disabled more than three days due to the injury had been received. On August 6, 2015, Dr. Tissenbaum completed a diagnosis update requesting the addition of tibia fracture and medial meniscus tear as secondary conditions. He did not provide any clinical finding on which the diagnosis was based, nor did he advise how the requested conditions related to the injury. Mr. Whitfield testified via affidavit on August 7, 2015. He stated he had no problems with his right knee prior to the injury. However, since the injury he had experienced pain around and deep into his knee. He also had difficulty raising his foot.

On August 20, 2015, Dr. Tissenbaum completed a medical statement answering questions posed by Mr. Whitfield's counsel. He stated that based on his May 27, 2015, examination Mr. Whitfield sustained a work injury and tore his meniscus. On August 25, 2015, Spencer McIlvain, Human Resources Coordinator, provided a written statement in which he stated that he spoke to Mr. Whitfield on May 19, 2015, regarding the significant conditions documented by the MRI

and how they could have occurred by him banging his knee on the bulldozer. Mr. Whitfield told Mr. McIlvain he had fallen on a barge at work a while back and that he did not report the incident.

Ira Unger, M.D., performed a medical records review on August 31, 2015. He opined that the mechanism of injury, Mr. Whitfield banging his knee while jerking on a bulldozer, was inconsistent with the findings on the May 19, 2015, MRI. Mr. Whitfield would have hit the lateral aspect (outside) of the knee, not the medial aspect (inside) of the knee if it was jerking. The tibia plateau fracture and meniscus tear were located on the medial aspect of the knee. A tibial plateau fracture is generally a high energy axial injury, not an injury from lateral banging. In Dr. Unger's opinion, based on Mr. Whitfield's prior lumbar fusions and left total hip replacement, he was experiencing multiple orthopedic issues secondary to degenerative changes. In his opinion, Mr. Whitfield sustained a right knee contusion due to the work injury. The knee contusion would not have caused Mr. Whitfield to be disabled for more than three days of work.

Ronald Fadel, M.D., performed a medical records review on October 5, 2015, in relation to Dr. Tissenbaum's August 6, 2015, diagnosis update request. Dr. Fadel understood Mr. Whitfield had a blunt force injury and fall on the right knee joint on April 25, 2015. He stated that in an injury where the partly flexed knee joint was subjected to weighted forces in varus alignment, the medial femoral condyle is driven into the medial tibial plateau causing fracture. This may also result in the medial meniscus tear and a sprain. Therefore, in his opinion, the tibial plateau fracture and torn meniscus were related to the compensable injury.

The claims administrator added fracture of the tibia/fibula and tear of medial cartilage or meniscus of the knee as compensable conditions on October 6, 2015. In a separate Order that same day, the claims administrator authorized arthroscopic surgery of the right knee. On October 14, 2015, the claims administrator granted temporary total disability benefits for the period from May 15, 2015, through August 12, 2015. In a separate Order that same day, the claims administrator granted temporary total disability benefits for the period from August 13, 2015, through November 10, 2015.

On October 20, 2015, Dr. Tissenbaum performed arthroscopic surgery on the right knee. The operative report documented severe degenerative joint disease, including grade four changes over the entire tibial plateau on the medial side, grade four changes over the femoral condyle, no articular surface on the femoral condyle, as well as the meniscus being torn and degenerated anteriorly and posteriorly. Based on the operative report, on October 29, 2015, the claims administrator rescinded the October 6, 2015, decision and reinstated the June 9, 2015, decision which held the claim compensable for a knee contusion only on a no lost time basis. On August 5, 2015, the claims administrator closed the claim for temporary total disability benefits.

The Office of Judges modified the claims administrator's June 9, 2015, decision holding the claim compensable for a contusion of the knee on November 23, 2015, and ordered the tibial plateau fracture and torn medial meniscus be added as compensable conditions as requested by Dr. Tissenbaum. It also ordered payment of temporary total disability benefits. The Office of

3

Judges relied on the opinion of Dr. Fadel, who found the additional requested components to be consistent with the reported injury.

On January 15, 2016, the Office of Judges reversed the claims administrator's August 5, 2015, decision closing the claim for temporary total disability benefits. The Office of Judges found that Mr. Whitfield did not initially miss work. However, the additional components added to the claim by its November 23, 2015, Order, required treatment, including surgery. The claims administrator had previously determined, through its October 29, 2015, and December 9, 2015, decisions, that Mr. Whitfield was entitled to temporary total disability benefits for the period from May 15, 2015, through December 30, 2015. Therefore, the Office of Judges found that Mr. Whitfield was temporarily and totally disabled from May 15, 2015, through December 30, 2015, and granted Mr. Whitfield temporary total disability benefits for that period of time.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the Office of Judge's November 23, 2015, and January 15, 2016, decisions on May 20, 2016. After review, we find that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. The Board relied on the opinion of Dr. Fadel when it found that the medial tibial plateau fracture and medial meniscus tear should be added as compensable components in the claim. However, Dr. Fadel's opinion was based on an incorrect understanding of the circumstances of the injury. In his report, Dr. Fadel stated he understood Mr. Whitfield to have had a blunt force injury and fall on the right knee joint on April 25, 2015. However, the injury occurred while Mr. Whitfield was operating a bulldozer and his right knee was jerked and banged. Dr. Fadel relied upon incorrect information when he opined the tibial plateau fracture and torn medial meniscus were related to the injury. Therefore, his opinion should not have been relied upon by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the June 9, 2015, and August 5, 2015, decisions of the claims administrator.

Reversed and remanded.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING**:
Justice Margaret L. Workman

4